1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General
2
   YEN JEANNETTE TRAN
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C.  20044
5  202-616-3366 (v)
   202-307-0054 (f)
6  Y.Jeannette.Tran@usdoj.gov

7  Of Counsel:
   ANNETTE L. HAYES
8  U.S. Attorney, Western District of Washington

9  *Attorneys for the United States of America*

10                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WASHINGTON
11                          AT SEATTLE

12
   UNITED STATES OF AMERICA,            )
13                                       )   Case No. 2:19-cv-00052
              Plaintiff,                 )
14                                       )   **COMPLAINT**
        v.                               )
15                                       )
   ELMER J. BUCKARDT a.k.a. E.J. Buckardt; )
16 KAREN A. BUCKARDT a.k.a.              )
   K.A. Buckardt;                        )
17 D'SKELL AGAPE SOCIETY; and            )
   SNOHOMISH COUNTY,                     )
18                                       )
              Defendants.                )
19 _____)

20      The United States of America (the "United States"), by and through its undersigned

21 counsel, hereby complains and alleges as follows:

22                          **<u>INTRODUCTION</u>**

23      1.      This is a civil action timely brought by the United States to: (i) reduce to

24 judgment the outstanding federal tax assessments against Elmer J. Buckardt a.k.a. E.J. Buckardt

Complaint                           1                    **U.S. DEPARTMENT OF JUSTICE**
(Case No. 2:19-cv-00052)                                 Tax Division, Western Region
                                                         P.O. Box 683
                                                         Washington, D.C.  20044
                                                         Telephone: 202-616-3366

1   (hereinafter referred to as Elmer J. Buckardt); (ii) find that two separate parcels of improved real

2   property located in Snohomish County, Washington, described more completely below and

3   referred to as the "5933 Property" and "6005 Property" (collectively, "Subject Properties"), are

4   held by a nominee and/or alter ego of Elmer J. Buckardt, and/or that the Subject Properties were

5   fraudulently transferred; (iii) foreclose federal tax liens on the Subject Properties; and (iv) sell

6   the Subject Properties, and distribute the proceeds from such sale in accordance with the Court's

7   findings as to the validity and priority of the liens and claims of all parties.

8                                    **JURISDICTION AND VENUE**

9          2.      This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the

10  direction of a delegate of the Attorney General of the United States and with the authorization

11  and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the

12  Secretary of the Treasury of the United States.

13         3.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and

14  1345, and 26 U.S.C. §§ 7402 and 7403.

15         4.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and

16  1396, because Elmer J. Buckardt resides in the Western District of Washington and because the

17  Subject Properties are located within the Western District of Washington. Because Elmer J.

18  Buckardt resides in Snohomish County and the Subject Properties are located in Snohomish

19  County, pursuant to LCR 3(d), this action should be assigned to the Court in Seattle.

20                                          **DEFENDANTS**

21         5.      Elmer J. Buckardt is named as a defendant because he has unpaid federal tax

22  liabilities and an ownership interest in the Subject Properties.

23         6.      Karen A. Buckardt a.k.a. K.A. Buckardt (hereinafter referred to as Karen A.

24  Buckardt) is named as a defendant pursuant to 26 U.S.C. § 7403(b) because she may claim an

Complaint                                    2                **U.S. DEPARTMENT OF JUSTICE**
(Case No. 2:19-cv-00052)                                      Tax Division, Western Region
                                                             P.O. Box 683
                                                             Washington, D.C.  20044
                                                             Telephone: 202-616-3366

1  interest in the Subject Properties.

2      7.    Elmer J. Buckardt and Karen A. Buckardt ("Buckardts") were married in 1985

3  and have been married to the present date.

4      8.    The Buckardts reside at the 5933 Property and have resided there since 2001.

5      9.    The D'Skell Agape Society is named as a defendant because pursuant to 26

6  U.S.C. § 7403(b) because it may claim an interest in the Subject Properties.

7      10.   Snohomish County is named as a defendant pursuant to 26 U.S.C. § 7403(b)

8  because it may claim an interest in the Subject Properties.

9  ## SUBJECT PROPERTIES

10     11.   The Subject Properties sought to be foreclosed consist of two separate parcels of

11 real property situated in the County of Snohomish, State of Washington, which are more fully

12 described below.

13 ### 5933 Property

14     12.   The first parcel of real property has a street address of 5933 284th Street NW,

15 Stanwood, WA 98292-6425, and bears Snohomish County Assessor's Parcel No.

16 32041600301100 ("5933 Property"). The 5933 Property is legally described as:

17     That portion of Section 16, Township 32 North, Range 4 East, W M in Snohomish
       County, Washington;
18
       Beginning at the Southwest corner of said Section;
19     thence East 165 feet,
       thence North 1320 feet,
20     thence West 165 feet,
       thence South 1320 feet to the point of beginning.
21
       13.   There is a triplewide mobile home and detached garage situated on the 5933
22
   Property. The mobile home, that may or may not be deemed a fixture, that is located on the 5933
23
   Property was built in 2002 and is 2,706 square feet in floor area.
24

Complaint
(Case No. 2:19-cv-00052)                    3              **U.S. DEPARTMENT OF JUSTICE**
                                                           Tax Division, Western Region
                                                           P.O. Box 683
                                                           Washington, D.C.  20044
                                                           Telephone: 202-616-3366

14.     On or about November 8, 2000, Elmer J. Buckardt and Karen A. Buckardt acquired the 5933 Property as husband and wife by Statutory Warranty Deed from Karen O. Vance and Connie S. Danielson, and it is presumed to be marital community property under Washington law. The Statutory Warranty Deed was recorded with the Snohomish County Auditor on November 16, 2000 (Instrument No. 200011160583).

15.     On or about April 30, 2001, Elmer J. Buckardt and Karen A. Buckardt purported to transfer the 5933 Property to the D'Skell Agape Society for no consideration by Quit Claim Deed. The Quit Claim Deed was recorded with the Snohomish County Auditor on May 2, 2001 (Instrument No. 200105020278).

**6005 Property**

16.     The second parcel of real property has a street address of 6005 284th Street NW, Stanwood, WA 98292-6426, and bears Snohomish County Assessor's Parcel No. 32041700402200 ("6005 Property"). The 6005 Property is legally described as:

> That portion of Section 17, Township 32 North, Range 4 East, W M in Snohomish County, Washington, described as follows,
>
> Beginning at the Southeast corner of said Section,
> thence West 198 feet;
> thence North 1320 Feet;
> thence East 198 feet;
> thence South 1320 feet to the point of beginning;
> EXCEPT the South 305 feet of the West 85 feet thereof;
> AND EXCEPT county road.

17.     On or about November 8, 2000, Elmer J. Buckardt and Karen A. Buckardt acquired the 6005 Property as husband and wife by Statutory Warranty Deed from Karen O. Vance and Connie S. Danielson, and it is presumed to be marital community property under Washington law. The Statutory Warranty Deed was recorded with the Snohomish County Auditor on November 16, 2000 (Instrument No. 200011160583).

Complaint
(Case No. 2:19-cv-00052)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

18.     On or about April 30, 2001, Elmer J. Buckardt and Karen A. Buckardt purported to transfer the 6005 Property to the D'Skell Agape Society for no consideration by Quit Claim Deed. The Quit Claim Deed was recorded with the Snohomish County Auditor on May 2, 2001 (Instrument No. 200105020277).

## **FACTUAL BACKGROUND**

19.     Elmer J. Buckardt has employed frivolous tax arguments as an excuse to not file, pay, or otherwise comply with federal tax laws and/or has engaged in filing patently false and frivolous lawsuits in an effort to obstruct the collection effort since at least 2000.

20.     On the dates and for the amounts listed in the chart below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Elmer J. Buckardt for unpaid federal income taxes (Form 1040), civil penalties pursuant to 26 U.S.C. § 6702 (penalty for frivolous tax submissions) ("Section 6702 penalty") and 26 U.S.C. § 6673(a)(1) penalty for sanctions and costs awarded by courts[1] ("Section 6673 penalty"), additions to tax penalties, interest, and other statutory additions as follows:

| Type of Tax | Tax Period | Assessment Date | Amount Assessed | Unpaid Balance Due as of December 14, 2018 (including accruals, fees and collection costs, payments, and credits) |
|---|---|---|---|---|
| 1040 (Income) | 12/31/2002 | 05/30/2005 05/30/2005 05/30/2005 05/30/2005 09/03/2007 11/18/2013 | $113,461.07 (t) $3,791.53 (etp) $25,528.74 (lfp) $14,660.87 (i) $28,365.27 (ftp) $92,232.88 (i) | $328,066.41 |

---

[1] A penalty under 26 U.S.C. §§ 6702 and 6673 is considered a "tax." *See* 26 U.S.C. § 6671(a) ("Except as otherwise provided, any reference in [Title 26] to "tax" imposed by [Title 26] shall be deemed also to refer to the penalties and liabilities provided by [Subchapter B-Assessable Penalties].").

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

| | | 11/17/2014 | $8,443.69 (i) | |
| | | 11/23/2015 | $8,869.98 (i) | |
| | | 11/21/2016 | $10,907.16 (i) | |
| 1040 (Income) | 12/31/2003 | 11/30/2010 | $42,862.00 (t) | $113,427.23 |
| | | 11/30/2010 | $9,643.95 (lfp) | |
| | | 11/30/2010 | $24,905.27 (i) | |
| | | 02/15/2016 | $13,186.34 (i) | |
| | | 02/15/2016 | $10,715.50 (ftp) | |
| | | 11/21/2016 | $3,001.64 (i) | |
| 1040 (Income) | 12/31/2004 | 11/30/2010 | $20,551.00 (t) | $52,844.61 |
| | | 11/30/2010 | $4,623.98 (lfp) | |
| | | 11/30/2010 | $596.55 (etp) | |
| | | 11/30/2010 | $10,209.00 (i) | |
| | | 02/15/2016 | $6,125.21 (i) | |
| | | 02/15/2016 | $5,137.75 (ftp) | |
| | | 11/21/2016 | $1,398.44 (i) | |
| 1040 (Income) | 12/31/2005 | 11/30/2010 | $20,283.00 (t) | $49,562.72 |
| | | 11/30/2010 | $4,563.68 (lfp) | |
| | | 11/30/2010 | $813.58 (etp) | |
| | | 11/30/2010 | $7,865.29 (i) | |
| | | 02/15/2016 | $5,707.86 (i) | |
| | | 02/15/2016 | $5,070.75 (ftp) | |
| | | 11/21/2016 | $1,311.59 (i) | |
| 1040 (Income) | 12/31/2007 | 04/21/2014 | $19,479.00 (t) | $10,283.38 |
| | | 04/21/2014 | $2,921.85 (lfp) | |
| | | 04/21/2014 | $3,895.80 (ap) | |
| | | 04/21/2014 | $6,691.27 (i) | |
| | | 11/23/2015 | $1,340.53 (i) | |
| | | 11/23/2015 | $2,538.14 (ftp) | |
| | | 11/21/2016 | $555.39 (i) | |
| 1040 (Income) | 12/31/2008 | 04/02/2012 | $19,299.00 (t) | $33,725.83 |
| | | 04/02/2012 | $3,860.00 (ap) | |
| | | 04/02/2012 | $2,721.96 (i) | |
| | | 09/03/2012 | $868.45 (ftp) | |
| | | 11/23/2015 | $2,921.79 (i) | |
| | | 11/23/2015 | $3,956.29 (i) | |
| | | 11/21/2016 | $1,098.20 (i) | |
| 1040 (Income) | 12/31/2010 | 09/23/2013 | $19,321.00 (t) | $29,925.17 |
| | | 09/23/2013 | $412.42 (etp) | |
| | | 09/23/2013 | $4,326.98 (lfp) | |
| | | 09/23/2013 | $1,906.82 (i) | |
| | | 09/23/2013 | $2,884.65 (ftp) | |
| | | 11/23/2015 | $1,649.57(i) | |
| | | 11/23/2015 | $1,699.45 (ftp) | |
| | | 11/21/2016 | $974.46 (i) | |
| 1040 | 12/31/2011 | 12/15/2014 | $24,459.00 (t) | $45,620.45 |

Complaint
(Case No. 2:19-cv-00052)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

| | | | | |
|---|---|---|---|---|
| (Income) | | 12/15/2014 | $484.24 (etp) | |
| | | 12/15/2014 | $5,503.28 (lfp) | |
| | | 12/15/2014 | $2,495.26 (i) | |
| | | 12/15/2014 | $3,913.44 (ftp) | |
| | | 11/21/2016 | $2,465.30 (i) | |
| | | 11/21/2016 | $2,201.30 (ftp) | |
| 6702 (Civil Penalty) | 12/31/2000 | 06/23/2008 | $5,000.00 (cvpn1) | $8,210.34 |
| | | 11/18/2013 | $1,123.72 (i) | |
| | | 11/17/2014 | $185.97 (i) | |
| | | 11/23/2015 | $195.36 (i) | |
| | | 11/21/2016 | $240.22 (i) | |
| 6702 (Civil Penalty) | 12/31/2001 | 09/01/2008 | $5,000.00 (cvpn1) | $7,358.94 |
| | | 11/18/2013 | $1,064.29 (i) | |
| | | 11/17/2014 | $184.16 (i) | |
| | | 11/23/2015 | $194.37 (i) | |
| | | 11/21/2016 | $239.63 (i) | |
| 6702 (Civil Penalty) | 12/31/2002 | 09/08/2008 | $5,000.00 (cvpn1) | $7,298.74 |
| | | 11/18/2013 | $1,058.48 (i) | |
| | | 11/17/2014 | $183.99 (i) | |
| | | 11/23/2015 | $193.27 (i) | |
| | | 11/21/2016 | $237.68 (i) | |
| 6702 (Civil Penalty) | 12/31/2006 | 10/24/2011 | $5,000.00 (cvpn1) | $6,409.20 |
| | | 11/21/2016 | $860.07 (i) | |
| 6702 (Civil Penalty) | 12/31/2007 | 10/24/2011 | $5,000.00 (cvpn1) | $6,409.20 |
| | | 11/21/2016 | $860.07 (i) | |
| 6702 & 6673 (Civil Penalty) | 12/31/2008 | 10/10/2011 | $5,000.00 (cvpn1) | $38,078.26 |
| | | 03/19/2012 | $25,000.00 (cvpn2) | |
| | | 11/21/2016 | $4,815.82 (i) | |
| | | | **TOTAL** | **$737,220.48** |

**Key:**   t = tax
cvpn1 = Section 6702 penalty
cvpn2 = Section 6673 penalty
i = interest
ap = accuracy penalty (26 U.S.C. § 6662)
etp = estimated tax penalty (26 U.S.C. § 6654)
ftp = failure to pay tax penalty (26 U.S.C. § 6651)
lfp = late filing penalty (26 U.S.C. § 6651)

21.    The assessments for federal income taxes for tax year 2002 paragraph 20, above,

were made pursuant to United States Tax Court Order of Dismissal and Decision entered on

December 23, 2004 in the matter *Elmer Jon Buckardt v. Commissioner of Internal Revenue*

*Service* ("CIR"), Tax Court Case No. 16074-04. The Tax Court found Elmer J. Buckardt liable

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

1 for a deficiency in federal income taxes in the amount of $113,461.07 for tax year 2002, and

2 penalty additions to tax under: (i) 26 U.S.C. § 6651(a)(1) (late filing penalty) in the amount of

3 $25,528.74 for tax year 2002; and (ii) 26 U.S.C. § 6654(a) (estimated tax penalty) in the amount

4 of $3,791.52 for tax year 2002. The Tax Court further admonished Elmer J. Buckardt for

5 advancing frivolous and groundless arguments and warned Elmer J. Buckardt that the Court

6 would consider imposing a Section 6673 penalty should he advance similar arguments in the

7 future.

8   22. The assessments for federal income taxes for tax year 2003, 2004, and 2005 in

9 paragraph 20, above, were made pursuant to Tax Court Memorandum Findings of Fact and

10 Opinion (T.C. Memo. 2010-145) entered on July 1, 2010 and Order and Decision entered on July

11 15, 2010 in the matter *Elmer Jon Buckardt v. CIR*, Tax Court Case No. 27949-07. After a trial,

12 the Tax Court found Elmer J. Buckardt liable for a deficiency in federal income taxes due in the

13 amount of $42,862.00 for tax year 2003, $20,551.00 for tax year 2004, and $20,283.00 for tax

14 year 2005, and additions to tax under: (i) 26 U.S.C. § 6651(a)(1) (late filing penalty) in the

15 amount of $9,643.95 for tax year 2003, $4,623.98 for tax year 2004, and $4,563.68 for tax year

16 2005; and (ii) under 26 U.S.C. § 6654(a) (estimated tax penalty) in the amount of $596.55 for tax

17 year 2004 and $813.58 for tax year 2005. The Tax Court further warned Elmer J. Buckardt that

18 the Court would consider imposing a Section 6673 penalty should he continue to make frivolous

19 arguments or institute or maintain proceedings primarily for delay. Elmer J. Buckardt appealed

20 to the United States Court of Appeals for the Ninth Circuit, *Elmer Jon Buckardt v. Commissioner*

21 *of Internal Revenue Service* ("CIR"), Docket No. 10-72898, but the Court of Appeals affirmed

22 the Tax Court's decision in a Memorandum entered on July 13, 2012.

23   23. The assessments for federal income taxes for tax year 2007 in paragraph 20,

24 above, were made after an audit examination of Elmer J. Buckardt's filed return. On or about

Complaint
(Case No. 2:19-cv-00052)     8     **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

November 27, 2013, the IRS sent Elmer J. Buckardt a Notice of Deficiency per 26 U.S.C. § 6212 computing his tax liability. The Statutory Notice of Deficiency also asserted additions to tax under 26 U.S.C. § 6651(a)(1) (late filing penalty) and 6662 (accuracy penalty). Elmer J. Buckardt did not timely petition the U.S. Tax Court to review the Statutory Notice of Deficiency.

24.     The assessments for federal income taxes and Section 6673 penalty for tax year 2008 in paragraph 20, above, were made pursuant to Tax Court Order entered October 13, 2011 in the matter *Elmer Jon Buckardt v. CIR*, Tax Court Case No. 22131-10. The Tax Court found in favor of the IRS and found Elmer J. Buckardt liable for a deficiency in federal income taxes in the amount of $19,299.00 for tax year 2008, and penalty additions to tax under 26 U.S.C. § 6654(a) (estimated tax penalty) in the amount of $3,860.00 for tax year 2008. The Tax Court also imposed a Section 6673 penalty in the amount of $25,000.00 against Elmer J. Buckardt for asserting frivolous and groundless arguments and again admonished Elmer J. Buckardt that the Court would consider imposing another Section 6673 penalty should he advance similar arguments in the future. Elmer J. Buckardt appealed to the United States Court of Appeals for the Ninth Circuit, *Elmer Jon Buckardt v. Commissioner of Internal Revenue Service* ("CIR"), Docket No. 12-70143, but the Court of Appeals affirmed the Tax Court's decision in a Memorandum entered on December 9, 2013.

25.     The assessments for federal income taxes for tax year 2010 in paragraph 20, above, were made pursuant to a return prepared by the IRS pursuant to 26 U.S.C. § 6020(b). On or about May 1, 2013, the IRS sent Elmer J. Buckardt a Notice of Deficiency per 26 U.S.C. § 6212 computing his tax liability. The Statutory Notice of Deficiency also asserted additions to tax under 26 U.S.C. § 6651(a)(1) (late filing penalty), 6651(a)(2) (failure to pay penalty) and 6654(a) (estimated tax penalty). Elmer J. Buckardt did not timely petition the U.S. Tax Court to review the Statutory Notice of Deficiency.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

26.     The assessments for federal income taxes for tax year 2011 in paragraph 20, above, were made pursuant to a return prepared by the IRS pursuant to 26 U.S.C. § 6020(b). On or about August 4, 2014, the IRS sent Elmer J. Buckardt a Notice of Deficiency per 26 U.S.C. § 6212 computing his tax liability. The Statutory Notice of Deficiency also asserted additions to tax under 26 U.S.C. § 6651(a)(1) (late filing penalty), 6651(a)(2) (failure to pay penalty), and 6654(a) (estimated tax penalty). Elmer J. Buckardt did not timely petition the U.S. Tax Court to review the Statutory Notice of Deficiency.

27.     The assessments for Section 6702 penalties for tax years 2000, 2001, 2002, 2006, 2007, and 2008 in paragraph 20, above, were made pursuant to frivolous federal tax submissions, including frivolous tax returns for those years.

## COUNT ONE: REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AGAINST DEFENDANT ELMER J. BUCKARDT

28.     The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 27, above.

29.     Timely notice stating the amounts and demanding payments of the assessments set forth in paragraph 20, above, was given to Elmer J. Buckardt, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

30.     Despite timely notice and demand for payment of the assessments described in paragraph 20, above, Elmer J. Buckardt has neglected, failed, and/or refused to make full payment of the assessed amounts to the United States.

31.     This action is timely commenced under the provisions of the Internal Revenue Code.

32.     On or about the dates listed in the chart below, the IRS received Elmer J. Buckardt's requests for collection due process ("CDP") hearings on IRS notice of tax lien filing

Complaint
(Case No. 2:19-cv-00052)                                            10

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

("Lien Notice") and notice of intent to levy ("Levy Notice") with respect to federal income tax year 2002 and 6702 penalties for tax years 2000, 2001, and 2002 as follows:

| Type of Tax | Tax Period | CDP hearing request type | Date IRS received CDP hearing request |
|---|---|---|---|
| 1040 (Income) | 12/31/2002 | Lien Notice | 11/17/2008 |
| 1040 (Income) | 12/31/2002 | Levy Notice | 12/16/2008 |
| 6702 (Civil Penalty) | 12/31/2000 | Lien Notice | 11/17/2008 |
| 6702 (Civil Penalty) | 12/31/2000 | Levy Notice | 12/16/2008 |
| 6702 (Civil Penalty) | 12/31/2001 | Levy Notice | 12/16/2008 |
| 6702 (Civil Penalty) | 12/31/2001 | Lien Notice | 12/23/2008 |
| 6702 (Civil Penalty) | 12/31/2002 | Levy Notice | 12/16/2008 |
| 6702 (Civil Penalty) | 12/31/2002 | Lien Notice | 12/23/2008 |

33.     On November 19, 2009, the IRS issued Notices of Determination on the requests for CDP hearings sustaining the IRS' collection action. On December 16, 2009, Elmer J. Buckardt filed a Tax Court petition to review those Notices of Determination (Tax Court Case No. 29924-09).  On June 18, 2012, the Tax Court issued a Memorandum Findings of Fact and Opinion (T.C. Memo. 2012-170) sustaining the Notices of Determination and granting the IRS' motion to permit levy with respect to federal income tax year 2002, finding that the underlying tax liability for 2002 was not at issue in the proceeding. On June 19, 2012, the Tax Court entered a corresponding Order and Decision. On July 2, 2012, Elmer J. Buckardt filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit (Ninth Circuit Case No. 12-72119). On August 20, 2014, the Ninth Circuit affirmed the Tax Court Order and Decision.

34.     The request for CDP hearings and subsequent judicial review, described in paragraphs 32-33, above, extended the statutory period of limitations on federal income tax year

Complaint
(Case No. 2:19-cv-00052)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

2002 and for the Section 6702 penalties for tax years 2000, 2001, and 2002, to March 31, 2019, at the earliest, pursuant to 26 U.S.C. §§ 6330(e) and 6320(c).

35.     The United States has established a claim against Elmer J. Buckardt in the amount of $737,220.48 for unpaid federal income taxes and civil penalties under 26 U.S.C. §§ 6702 and 6673, as of December 14, 2018. Additional unassessed interest and other statutory additions as provided by law will accrue on these balances.

## COUNT TWO: TO SET ASIDE TRANSFERS OF THE SUBJECT PROPERTIES AS FRAUDULENT, OR ESTABLISH THE D'SKELL AGAPE SOCIETY AS NOMINEE OR ALTER EGO OF ELMER J. BUCKARDT

36.     The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 35, above.

37.     On or about November 8, 2000, Elmer J. Buckardt and Karen A. Buckardt acquired the Subject Properties as husband and wife by Statutory Warranty Deed from Karen O. Vance and Connie S. Danielson.

38.     On or about November 16, 2000, a Deed of Trust in the amount of $237,500 was granted by the Buckardts to Chase Manhattan Mortgage Corporation ("Chase"). The Buckardts used the Subject Properties as collateral to secure the loan. The Deed of Trust was recorded with the Snohomish County Auditor on November 16, 2000 (Instrument No. 200011160584).

39.     On or about April 30, 2001, Elmer J. Buckardt and Karen A. Buckardt purported to transfer the 5933 Property to the D'Skell Agape Society for no consideration by Quit Claim Deed. The Quit Claim Deed was recorded with the Snohomish County Auditor on May 2, 2001 (Instrument No. 200105020278).

40.     On or about April 30, 2001, Elmer J. Buckardt and Karen A. Buckardt purported to transfer the 6005 Property to the D'Skell Agape Society for no consideration by Quit Claim Deed. The Quit Claim Deed was recorded with the Snohomish County Auditor on May 2, 2001

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

(Instrument No. 200105020277).

41.     On or about July 26, 2002, a Substitution of Trustee/Deed of Reconveyance dated July17, 2002 from Chase was recorded with the Snohomish County Auditor (Instrument No. 200207260802).

42.     The purported transfers of the Subject Properties to the D'Skell Agape Society were not for reasonably equivalent value.

43.     At the time of the purported transfers of the Subject Properties to the D'Skell Agape Society, the Buckardts each knew or had reason to know that Elmer J. Buckardt and the Buckardts' marital community had incurred or would incur federal tax liabilities.

44.     The D'Skell Agape Society, a purported "corporation sole," is purportedly a religious entity that is located at the 5933 Property, and has the Buckardts' mailing address of P.O. Box 1142, Stanwood, WA 98292.

45.     The D'Skell Agape Society does not have a federal identification number and has never filed any federal tax returns.

46.     Elmer J. Buckardt is the "Governor," "Overseer," and registered agent of the D'Skell Agape Society.

47.     As "Overseer" of the D'Skell Agape Society, Elmer J. Buckardt recorded the following documents regarding the 5933 Property: "Declaration of Covenant" on September 26, 2002 (Instrument No. 200209260327); Well Water Arsenic Disclosure on March 26, 2003 (Instrument No. 200303260963); and Distribution Easement on May 2, 2003 (Instrument No. 200305020040), with the Snohomish County Auditor.

48.     The D'Skell Agape Society maintains a bank account at U.S. Bank. The only authorized signer for this bank account is Elmer J. Buckardt. Elmer J. Buckardt uses this bank account for his own personal use. Elmer J. Buckardt deposits his personal funds into this bank

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

account and uses this bank account to pay his personal expenses, including expenses associated with the Subject Properties (e.g. utilities and property taxes).

49.     The D'Skell Agape Society exists solely for the purpose of holding title to the Subject Properties or for the purpose of holding title to the Subject Properties.

50.     The D'Skell Agape Society is used as a mere shell to shield assets from tax collection.

51.     After the purported transfers of title to the Subject Properties to the D'Skell Agape Society, Elmer J. Buckardt continued to reside at the 5933 Property and enjoy the use and benefits of the Subject Properties. Elmer J. Buckardt has paid no rent to the D'Skell Agape Society for the continued use of the Subject Properties.

52.     After the purported transfers of title to the Subject Properties to the D'Skell Agape Society, Elmer J. Buckardt continued to make all decisions with respect to the Subject Properties.

53.     The D'Skell Agape Society maintains no utility account with Snohomish County for the Subject Properties. The utility accounts with Snohomish County for the Subject Properties are held in the name of the Buckardts. Payment of utilities is made from the bank accounts of both Elmer J. Buckardt and the D'Skell Agape Society.

54.     Based on the foregoing, and because Elmer J. Buckardt maintained a beneficial interest in and control over the Subject Properties, to the extent that the D'Skell Agape Society holds title to the Subject Properties, it does so as the nominee of Elmer J. Buckardt.

55.     In addition, the D'Skell Agape Society is the alter ego of Elmer J. Buckardt, and its form should be disregarded because Elmer J. Buckardt has abused the formalities of the corporation entity to evade payment of his federal tax liabilities and because disregard of the

Complaint
(Case No. 2:19-cv-00052)

14

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

1 | formalities of the corporation is necessary and required to prevent unjustified loss to the Internal

2 | Revenue Service.

3 | 56. Alternatively, the purported transfers of the Subject Properties to the D'Skell

4 | Agape Society was fraudulent as to the United States.

5 | 57. The purported transfers of the Subject Properties to the D'Skell Agape Society

6 | were made with the actual intent to hinder, delay, or defraud the United States of present and

7 | future lawful taxes and were transferred without receiving adequate consideration. The transfers

8 | were thus fraudulent transfers that should be set aside under RCW 19.40.041(a)(1) (version

9 | effective to July 22, 2017).

10 | 58. Alternatively, the purported transfers of the Subject Properties to the D'Skell

11 | Agape Society were made without receiving equivalent value in exchange for the transactions

12 | and  Elmer J. Buckardt intended to incur or reasonably should have believed that he would incur

13 | debts beyond his ability to pay. The transfers were thus fraudulent transfers that should be set

14 | aside under RCW 19.40.041(a)(2) (version effective to July 22, 2017).

15 | 59. Any claim to or interest in the Subject Properties by the D'Skell Agape Society is

16 | fraudulent and/or non-existent. Any such claim or interest was part of a scheme to defraud

17 | creditors of Elmer J. Buckardt and the marital community of the Buckardts, including the United

18 | States, and have no merit.

19 | 60. Elmer J. Buckardt is the true owner of the Subject Properties.

20 | **COUNT THREE: FORECLOSE FEDERAL TAX LIENS**

21 | 61. The United States incorporates and re-alleges as if fully stated herein each of the

22 | allegations in paragraphs 1 through 60, above.

23 | 62. Elmer J. Buckardt's unpaid tax liabilities from the assessments described in

24 | paragraph 20, above, were incurred during the Buckardts' marriage and are presumed to be

Complaint
(Case No. 2:19-cv-00052)                     15            **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

community debts of the Buckardts under Washington law.

63. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax liabilities have arisen against and attached to all property and rights to property of Elmer J. Buckardt and the marital community of the Buckardts, as of the dates of the assessments described in paragraph 20, above, including the Subject Properties.

64. The federal tax liens continue to attach to the Subject Properties.

65. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following Notices of Federal Tax Lien ("NFTL") naming Elmer J. Buckardt as the taxpayer with the Snohomish County Auditor:

| Type of Tax | Tax Period | Notice | Recording Date | Instrument No. |
|---|---|---|---|---|
| 1040 (Income) 6702[2] (Civil Penalty) | 12/31/2002 12/31/2000 | NFTL | 11/14/2008 | 200811140030 |
| 6702 (Civil Penalty) | 12/31/2001 12/31/2002 | NFTL | 12/09/2008 | 200812090054 |
| 1040 (Income)<br><br><br><br>6673 (Civil Penalty) 6702 (Civil Penalty) | 12/31/2003 12/31/2004 12/31/2005 12/31/2008 12/31/2008 12/31/2006 12/31/2007 12/31/2008 | NFTL | 11/28/2012 | 201211280103 |
| 1040 (Income) | 12/31/2010 | NFTL | 11/04/2013 | 201311040321 |
| 1040 (Income) | 12/31/2007 | NFTL | 06/03/2014 | 201406030410 |
| 1040 (Income) | 12/31/2002 | NFTL Refile | 10/15/2014 | 201410150168 |
| 1040 (Income) | 12/31/2011 | NFTL | 01/16/2015 | 201501160149 |
| 6702[3] (Civil Penalty) | 12/31/2000 | NFTL Refile | 10/25/2017 | 201710350256 |
| 6702 (Civil Penalty) | 12/31/2001 12/31/2002 | NFTL Refile | 10/25/2017 | 201710250257 |

---

[2] The NFTL contains a typographical error indicating that the kind of tax is for "6672" (civil penalty for trust fund recovery penalties under 26 U.S.C. § 6672) for the tax period ending December 31, 2000.

[3] The NFTL Refile contains a typographical error indicating that the kind of tax is for "6672" (civil penalty for trust fund recovery penalties under 26 U.S.C. § 6672) for the tax period ending December 31, 2000.

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

66.     In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following NFTLs naming "The D'Skell Agape Society, Nominee of Elmer J Buckardt" as the taxpayer and concerning the 5933 Property with the Snohomish County Auditor:

| Type of Tax | Tax Period | Notice | Recording Date | Instrument No. |
|---|---|---|---|---|
| 1040 (Income)<br><br><br><br><br><br><br><br>6702 (Civil Penalty) | 12/31/2002<br>12/31/2003<br>12/31/2004<br>12/31/2005<br>12/31/2007<br>12/31/2008<br>12/31/2010<br>12/31/2011<br>12/31/2000<br>12/31/2001<br>12/31/2002<br>12/31/2006<br>12/31/2007<br>12/31/2008 | NFTL | 04/25/2016 | 201604250318 |
| 6673 (Civil Penalty) | 12/31/2008 | NFTL | 04/25/2016 | 201604250320 |
| 6702 (Civil Penalty) | 12/31/2000<br>12/31/2001<br>12/31/2002 | NFTL Refile | 10/25/2017 | 201710250258 |

67.     In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following NFTLs naming "The D'Skell Agape Society, Nominee of Elmer J Buckardt" as the taxpayer and concerning the 6005 Property with the Snohomish County Auditor:

| Type of Tax | Tax Period | Notice | Recording Date | Instrument No. |
|---|---|---|---|---|
| 6673 (Civil Penalty) | 12/31/2008 | NFTL | 04/25/2016 | 201604250321 |
| 1040 (Income) | 12/31/2002<br>12/31/2003<br>12/31/2004<br>12/31/2005<br>12/31/2007 | NFTL | 04/25/2016 | 201604250319 |

**U.S. DEPARTMENT OF JUSTICE**<br>Tax Division, Western Region<br>P.O. Box 683<br>Washington, D.C.  20044<br>Telephone: 202-616-3366

| 6702 (Civil Penalty) | 12/31/2008<br>12/31/2010<br>12/31/2011<br>12/31/2000<br>12/31/2001<br>12/31/2002<br>12/31/2006<br>12/31/2007<br>12/31/2008 | | | |
| 6702 (Civil Penalty) | 12/31/2000<br>12/31/2001<br>12/31/2002 | NFTL Refile | 10/25/2017 | 201710250263 |

68.     In order to provide notice to third parties entitled to notice of statutory liens under 26 U.S.C. § 6323, the IRS recorded NFTLs naming Elmer J. Buckardt and "The D'Skell Agape Society, Nominee of Elmer J Buckardt" as the taxpayer with the Washington State Department of Licensing.

69.     The Subject Properties, including all fixtures thereon, are encumbered with liens for the unpaid federal tax assessments described in paragraph 20, above.

70.     The United States seeks to foreclose the federal tax liens above through the sale of the Subject Properties.

71.     The federal tax liens arising from the assessments described in paragraph 20, above, have priority over all interests in the Subject Properties acquired after the attachment of the federal tax liens, subject to the provisions of 26 U.S.C. § 6323.

72.     Under 26 U.S.C. § 7403(c), the United States is entitled to enforce its federal tax liens upon the Subject Properties and to receive the proceeds from the sale of the Subject Properties to be applied toward satisfaction of the outstanding and unpaid tax assessments against Elmer J. Buckardt.

///

///

U.S. DEPARTMENT OF JUSTICE<br>Tax Division, Western Region<br>P.O. Box 683<br>Washington, D.C.  20044<br>Telephone: 202-616-3366

1     WHEREFORE, the Plaintiff, the United States, prays as follows:

2     A.     That this Court determine, adjudge, and decree that Defendant Elmer J. Buckardt

3 is indebted to the United States for unpaid: federal income tax liabilities for the tax years 2002,

4 2003, 2004, 2005, 2007, 2008, 2010, and 2011; Section 6702 penalty liabilities for tax years

5 2000, 2001, 2002, 2006, 2007, and 2008; and Section 6673 penalty liabilities for tax year 2008,

6 described in paragraph 20, above, in the amount of $737,220.48 as of December 14, 2018, less

7 any subsequent payment or credits, plus interest and other statutory additions, as provided by

8 law, and that judgment in that amount be entered against Defendant Elmer J. Buckardt;

9     B.     That this Court determine, adjudge, and decree that the United States has valid

10 and subsisting federal tax liens, by virtue of the assessments described in paragraph 20, above,

11 against all property and rights to property of Defendant Elmer J. Buckardt and the martial

12 community of the Buckardts, including but not limited to, the Subject Properties;

13     C.     That this Court determine and adjudge that Defendant the D'Skell Agape Society

14 is the nominee and/or alter-ego of Defendant Elmer J. Buckardt and that the D'Skell Agape

15 Society is not a purchaser of the Subject Properties as that term is defined in 26 U.S.C.

16 § 6323(h)(6);

17     D.     That this Court determine that the purported conveyances of the Subject

18 Properties to Defendant the D'Skell Agape Society, were fraudulent conveyances and of no

19 effect as to the lien claims of the United States, and that they be set aside;

20     E.     That this Court determine, adjudge, and decree that any claim to or interest in the

21 Subject Properties by any title holder or transferee other than Defendant Elmer J. Buckardt is

22 fraudulent and/or non-existent;

23     F.     That this Court determine the merits and priority of any claims or interests of the

24 other named defendants in the Subject Properties and their respective priority to a distribution of

Complaint
(Case No. 2:19-cv-00052)     19     **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

1    proceeds from a sale of the Subject Properties;

2        G.    That the federal tax liens against Defendant Elmer J. Buckardt encumbering the

3    Subject Properties be foreclosed;

4        H.    That the Subject Properties be sold with the proceeds applied to the delinquent

5    federal tax liabilities of Defendant Elmer J. Buckardt; and

6        I.    That the United States be granted its costs and fees herein, and such other and

7    further relief as this Court deems just and proper.

8        DATED this 11th day of January, 2019.

9                                    Respectfully submitted,

10                                   RICHARD E. ZUCKERMAN
                                     Principal Deputy Assistant Attorney General

11
                                     */s/ Yen Jeannette Tran*
12                                   YEN JEANNETTE TRAN
                                     Trial Attorney, Tax Division
13                                   U.S. Department of Justice
                                     P.O. Box 683
14                                   Washington, D.C.  20044
                                     202-616-3366 (v)
15                                   202-307-0054 (f)
                                     y.jeannette.tran@usdoj.gov
16
                                     Of Counsel:
17                                   ANNETTE L. HAYES,
                                     United States Attorney,
18                                   Western District of Washington

19                                   *Attorneys for the United States of America*

20

21

22

23

24

Complaint
(Case No. 2:19-cv-00052)

20

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Yen Jeannette Tran, U.S. Department of Justice, Tax Division
PO Box 683, Washington, DC 20044
202-616-3366

## DEFENDANTS

Elmer J. Buckardt a.k.a E.J. Buckardt; Karen A. Buckardt a.k.a. K.A. Buckardt; D'Skell Agape Society; and Snohomish County

County of Residence of First Listed Defendant  Snohomish
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7401, 7402, 7403
Brief description of cause:
Reduce tax assessments to judgment and foreclose tax liens upon real properties

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
737,220.48

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____        DOCKET NUMBER _____

DATE
01/11/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Yen Jeannette Tran

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.  2:19-cv-00052 |
| Elmer J. Buckardt a.k.a E.J. Buckardt; Karen A. Buckardt a.k.a. K.A. Buckardt; D'Skell Agape Society; and Snohomish County | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Elmer J. Buckardt a.k.a E.J. Buckardt
5933 284th St NW
Stanwood, WA 98292

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Yen Jeannette Tran
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   2:19-cv-00052

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| United States of America<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Elmer J. Buckardt a.k.a E.J. Buckardt; Karen A. Buckardt a.k.a. K.A. Buckardt; D'Skell Agape Society; and Snohomish County<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.  2:19-cv-00052 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Karen A. Buckardt a.k.a. K.A. Buckardt
5933 284th St NW
Stanwood, WA 98292

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Yen Jeannette Tran
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____              _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   2:19-cv-00052

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Elmer J. Buckardt a.k.a E.J. Buckardt; Karen A. | ) |
| Buckardt a.k.a. K.A. Buckardt; D'Skell Agape | ) |
| Society; and Snohomish County | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.   2:19-cv-00052

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   D'Skell Agape Society
Registered Agent: Elmer J. Buckardt
5933 284th St NW
Stanwood, WA 98292

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Yen Jeannette Tran
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   2:19-cv-00052

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )  Civil Action No.  2:19-cv-00052 |
| | ) |
| Elmer J. Buckardt a.k.a E.J. Buckardt; Karen A. | ) |
| Buckardt a.k.a. K.A. Buckardt; D'Skell Agape | ) |
| Society; and Snohomish County | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Snohomish County
c/o Snohomish County Auditor
3000 Rockefeller Ave.
Everett, WA 98201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Yen Jeannette Tran
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   2:19-cv-00052

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: