HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

ELMER J. BUCKARDT, et. al.,

Defendants.

CASE NO. C19-00052 RAJ

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. # 12). For the reasons that follow, the Court **DENIES** Defendants' Motion.

## II. BACKGROUND

The following is taken from the Government's Complaint, which is assumed to be true for the purposes of this motion to dismiss, as well as other documents that have been judicially noticed as noted below. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The parties in this action appear to have a lengthy history, beginning as early as 2000, when the Government began assessing tax liabilities against Defendant Elmer Buckardt ("Mr. Buckardt") for unpaid federal income taxes. Dkt. # 18 at 4. In 2002, Mr. Buckardt filed a petition in Tax Court contesting the IRS' notice of deficiency for income tax year

2002.  Dkt. # 18-2, Ex. 16.[1]  The Tax Court subsequently found Mr. Buckardt liable for a deficiency in federal income taxes and penalties and cautioned him against advancing frivolous and groundless arguments.  Dkt. # 18-2, Ex. 21.  And so it continued.  Over the next several years, the Government continued to assess tax liabilities against Mr. Buckardt and Mr. Buckardt continued to file petitions contesting the IRS' notices of deficiency.  *See* Dkt. # 18-2, Exs. 16, 19-21, 24.

Most recently, on October 10, 2017, Mr. Buckardt filed another petition in Tax Court alleging that he never received notices of deficiency or notices of determination for tax years 2000-2015.  Dkt. # 18-1, Ex. C.  In response, the IRS moved to dismiss Mr. Buckardt's petition for lack of jurisdiction.  Dkt. # 12-1 at 6.  The Tax Court granted the motion to dismiss, noting that the IRS had not issued a notice of deficiency or notice of determination for tax years 2000-2015, within the timeframe sufficient to confer jurisdiction.  Dkt. # 12-1 at 2.

On January 11, 2019, the Government filed a Complaint against Elmer Buckardt, Karen Buckardt, the D'Skell Agape Society, and Snohomish County, asking the Court to: (1) reduce the outstanding tax assessments against Mr. Buckardt to judgments, (2) set aside transfers of two of the Buckardt's properties to the D'Skell Agape Society, (3)

---

[1] The Government submits several documents in support of its Opposition.  *See* Dkt. # 18-1, 18-2.  A court typically cannot consider evidence beyond the four corners of the complaint, without converting the motion to a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court may take judicial notice, sua sponte, of a "fact not subject to reasonable dispute" at any stage of the proceeding.  This includes undisputed matters of public record, including court filings and authentic documents recorded with a governmental agency.  *Lee* at 689; *Hughes v. United States,* 953 F.2d 531, 535, 540 (9th Cir. 1992) ("[O]fficial documents-such as IRS forms-are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made."). Because the documents submitted by the Government are all court filings or self-authenticating government records, the Court will take judicial notice of the Government's Exhibits.  *See* Dkt. # 18-1, 18-2.

foreclose federal tax liens on the properties, and (4) sell the properties. Dkt. # 1.

Defendants Elmer Buckardt, Karen Buckardt, and the D'Skell Agape Society (collectively the "Defendants") subsequently moved to dismiss this action for lack of subject-matter jurisdiction. Dkt. # 12. The Government opposes the Motion. Dkt. # 18.

### III. LEGAL STANDARD

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### IV. DISCUSSION

Defendants appear to assert three arguments in support of their two–page Motion to Dismiss: (1) the Court lacks subject matter jurisdiction over this action, (2) the IRS cannot assert any liens or levies against Defendants because the Tax Court previously concluded that no statutory notices of deficiency or determination were filed against Defendants, and (3) 26 U.S.C. §7608(a) deprives the Court of jurisdiction.

#### A. The Court Has Subject Matter Jurisdiction Over This Action

Defendants argue that the Court lacks jurisdiction over this matter because a Tax Court decision dismissing Defendant Elmer Buckardt's petition for lack of jurisdiction applies in this action and precludes the Court from exercising jurisdiction. Dkt. # 12 at 2. This argument is misplaced.

Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. The Government alleges that the jurisdictional basis for this lawsuit is federal question jurisdiction. Dkt. # 18 at 11.

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' " *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quotation omitted).

The Government points to four federal statutes which, it argues, confer jurisdiction over this action: 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403. Dkt. # 18 at 11. The Court agrees. First, the Government's Complaint asserts claims based on Mr. Buckardt's unpaid federal income tax assessments and penalties. Dkt. # 1. Under 28 U.S.C. § 1340, federal courts have "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." Similarly, federal courts have original jurisdiction over "all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Here, Plaintiff is the United States Government, accordingly, the Court has jurisdiction under 28 U.S.C. § 1345.

In addition, 26 U.S.C. § 7402 grants federal district courts "jurisdiction to make and issue in civil actions … such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." The Government in this case is seeking to reduce tax assessments against Defendants to judgment and, as a result, jurisdiction under 26 U.S.C. § 7402 is proper. Finally, 26 U.S.C. § 7403 provides that the United States may file an action in district court to enforce a tax lien against any property in which the taxpayer has an interest. *See* 28 U.S.C. § 7403(a). Because the Government is seeking to enforce tax liens by foreclosing on properties in which Defendants have an interest, the Court has jurisdiction under 26 U.S.C. § 7403. In sum, there are multiple federal statutes conferring subject matter jurisdiction over this action and Defendants' arguments to the contrary are completely without merit. *United States v. Kollman*, 774 F.3d 592, 594 (9th

Cir. 2014) (noting district court had jurisdiction over action brought by United States to reduce tax assessments to judgment and foreclose tax liens under 25 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345).

Separately, it appears that Defendants misunderstand the Tax Court's holding. The Tax Court has jurisdiction to review notices of deficiency and notices determination under 26 U.S.C. §§ 6212 and 6213(a), and 26 U.S.C. §§ 6320 and 6330. In order for the Tax Court to have jurisdiction to review a notice of deficiency, the taxpayer must file a petition in Tax Court within ninety days after the notice of deficiency is mailed or 150 days if the notice is addressed to an individual outside the United States. 26 U.S.C. § 6213(a). Similarly, in order for the Tax Court to review notices of determination, the taxpayer must file a timely petition for review within thirty days after the issuance of the notice of determination. *See* 26 U.S.C. §§ 6330(d)(1), 6320(c). Here, the Tax Court concluded that it lacked jurisdiction because "no notice of deficiency and no notice of determination was issued to [Mr. Buckardt] for tax years 2000 through and including 2015 that would permit [Mr. Buckardt] to invoke the Court's jurisdiction." Dkt. # 12-1 at 2. However, the statutes governing Tax Court jurisdiction (26 U.S.C. §§ 6213(a), 6320(d)(1), and 6330(c)), <u>do not impact federal district court jurisdiction</u>. Accordingly, the Tax Court's determination that it did not have jurisdiction is irrelevant to this Court's analysis of jurisdiction.

  **B.**  <u>**Factual Disputes Regarding Notices of Deficiency or Determination Are Disingenuous and Misplaced**</u>

Defendants next argue that because the Tax Court previously held that there were "NO statutory notices of deficiency and NO statutory notices of determination" filed against Defendants for tax years 2000 through 2015, the IRS cannot assert any liens or levies against defendants. Dkt. # 12 at 2 (emphasis in original). This argument is flawed for two reasons.

First, Defendants misstate the Tax Court's order. The Tax Court did not conclude

that the IRS never filed a notice of deficiency or notice of determination against Defendants. Instead, the Tax Court concluded that there were no notices of deficiency or determination filed that were <u>sufficient to confer jurisdiction</u>. Dkt. # 12-1 at 2 (emphasis added).

Second, to the extent that Defendants are arguing that the Government's Complaint fails to state a claim under Fed. R Civ. P. 12(b)(6), that argument also fails. Defendants are correct that a taxpayer can challenge the validity of a tax lien by challenging the validity of a notice of deficiency for assessments based on a notice a deficiency. Here, however, the Court finds that the Government's Complaint alleges sufficient facts to suggest that the IRS tax assessments were valid, and that Defendants received timely notices of deficiency and determination for those tax periods in which notice was required. Dkt. # 1 at ¶¶ 20, 28-30. This is further supported by the fact that Mr. Buckardt filed several petitions in Tax Court contesting the IRS' notices of deficiency and determination. *See* Dkt. # 18-2, Exs. 16, 19-21, 24, Dkt. # 18-1, Ex. B. As a result, Defendants' argument that the IRS cannot assert any "liens or levies" against them because no statutes of deficiency or determination were ever filed against them is both unfounded and disingenuous.

### C. <u>26 U.S.C. §7608(a) Does Not Preclude Federal Jurisdiction</u>

Finally, Defendants appear to argue that the IRS cannot enforce laws regulating income taxes under 26 U.S.C. §7608(a), a statute governing IRS examination and inspection, because Subtitle A of §7608 only applies to laws regulating liquor, tobacco, firearms, or commodities taxes under Subtitle E. Dkt. # 12 at 1. Defendants do not explain, however, and the Court cannot decipher how 26 U.S.C. §7608(a) impacts federal court jurisdiction over this action. As explained above, this Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403. Section 7608(a), which regulates the IRS' ability to perform inspections and examinations into taxpayer liabilities, has no bearing on this Court's jurisdiction.

# V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.  Dkt. # 12.

Dated this 31st day of October, 2019.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge