HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CASE NO. C19-00052 RAJ |
| ELMER J. BUCKARDT, et. al., | **ORDER STRIKING DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendants' second Motion to Dismiss (Dkt. # 24). For the reasons that follow, the Court **STRIKES** Defendants' Motion.

On January 11, 2019, the Government filed a Complaint against Elmer Buckardt, Karen Buckardt, the D'Skell Agape Society, and Snohomish County, asking the Court to: (1) reduce the outstanding tax assessments against Mr. Buckardt to judgments, (2) set aside transfers of two of the Buckardt's properties to the D'Skell Agape Society, (3) foreclose federal tax liens on the properties, and (4) sell the properties. Dkt. # 1. Defendants Elmer Buckardt, Karen Buckardt, and the D'Skell Agape Society (collectively the "Defendants") subsequently moved to dismiss this action for lack of jurisdiction. Dkt. # 12. On October 31, 2019, this Court denied Defendants' motion to

dismiss for lack of jurisdiction, noting the Court has jurisdiction under 28 U.S.C. § 1331. Dkt. # 23.

Two days later, Defendants filed a second one-page motion to dismiss in which Defendants argue: "The supporting reason for motion to dismissed [sic] is on grounds <u>no proof of jurisdiction</u> has been filed by government." Dkt. # 24 (emphasis in original). Defendants provide no other facts or legal arguments in support of their motion. As explained in this Court's previous order, the jurisdictional basis for this action is federal question jurisdiction under 28 U.S.C. § 1331. Dkt. # 23. Defendants' second motion ignores the Court's previous order and asserts the exact same arguments raised in Defendants' first motion to dismiss. *Compare* Dkt. # 12 *and* Dkt. # 24.

Defendants' Motion is frivolous and the Court declines to consider it. *See* Fed. R. Civ. P. 11 (allowing for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose"). Defendants are also cautioned against any future frivolous filings. Federal courts have the discretion to impose sanctions on litigants engaging in frivolous litigation and the Court will not hesitate to do so if Defendants continue to abuse the judicial process. *See Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir.2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

For the foregoing reasons, Defendants' Motion to Dismiss is **STRICKEN**. Dkt. # 24.

Dated this 12th day of November, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER- 2