HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>ELMER J. BUCKARDT, et. al.,<br><br>Defendants. | CASE NO. C19-00052 RAJ<br><br>**ORDER STRIKING DEFENDANTS' MOTION TO DISMISS NOTICE OF HEARING** |

## I. INTRODUCTION

This matter comes before the Court on Defendants' self-styled "Motion for Notice of Hearing on Motion to Compel Discovery be dismissed" (Dkt. # 29). For the reasons that follow, the Court **STRIKES** Defendants' Motion.

## II. DISCUSSION

On January 11, 2019, the Government filed a Complaint against Elmer Buckardt, Karen Buckardt, the D'Skell Agape Society, and Snohomish County, asking the Court to: (1) reduce the outstanding tax assessments against Mr. Buckardt to judgments, (2) set aside transfers of two of the Buckardt's properties to the D'Skell Agape Society, (3) foreclose federal tax liens on the properties, and (4) sell the properties. Dkt. # 1. Defendants Elmer Buckardt, Karen Buckardt, and the D'Skell Agape Society

(collectively the "Defendants") subsequently moved to dismiss this action for lack of jurisdiction. Dkt. # 12.

On October 31, 2019, this Court denied Defendants' motion to dismiss for lack of jurisdiction, noting the Court has jurisdiction under 28 U.S.C. § 1331. Dkt. # 23. Two days later, Defendants filed a second one-page motion to dismiss, again alleging lack of jurisdiction. Dkt. # 24. On November 12, 2019, this Court struck Defendants' second motion to dismiss as frivolous, noting again that "the jurisdictional basis for this action is federal question jurisdiction under 28 U.S.C. § 1331." Dkt. # 28. The Court also warned Defendants that if they continued to file frivolous motions, the Court would not hesitate to impose appropriate sanctions. *Id.* That same day, in blatant disregard for this Court's previous order, Defendants filed the instant "motion for notice of hearing on motion to compel discovery be dismissed" in which they contend that the Court lacks jurisdiction. Dkt. # 29 at 1.

As the Court has previously explained to Defendants, federal courts have the discretion to impose sanctions on litigants engaging in frivolous litigation, including precluding Defendants from filing further motions without prior approval. *See* Fed. R. Civ. P. 11 (allowing for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose"); *see also Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir.2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). Defendants' irresponsible pleading tactics are causing great inefficiencies within the undersigned's chambers and allowing Defendants to continue down this path threatens to derail this litigation.

Accordingly, this is Defendants' last warning. If Defendants continue to abuse the judicial process by filing baseless and frivolous motions the Court will exercise its discretion and enjoin Defendants from filing further motions, without the Court's approval.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion is **STRICKEN**.  Dkt. # 29.

Dated this 25th day of November, 2019.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge