HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELMER BUCKARDT, a.k.a. E.J. Buckardt;<br>KAREN A. BUCKARDT a.k.a. K.A. Buckardt;<br>D'SKELL AGAPE SOCIETY; and<br>SNOHOMISH COUNTY,<br><br>Defendants. | Case No. 2:19-cv-00052-RAJ<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion to Correct Order on Motion for Summary Judgment, Dkt. # 49, and Motion for Reconsideration of Order on Motion for Summary Judgment, Dkt. # 50, and Plaintiff's Motion to Correct Order on Motion for Summary Judgment, Dkt. # 51.  For the reasons below, the Court **DENIES** Defendants' motions and **GRANTS** Plaintiff's motion to correct.

## II.  LEGAL STANDARD

Rule 60(a) of the Federal Rules of Civil Procedure permits a court to correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment or order.  Rule 60(b) permits a court to relieve a party from a final judgment or order for the following reasons:

ORDER – 1

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Rule 60(b) vests wide discretion in courts, but we have held that relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (internal quotations and citation omitted).

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).  Such a motion shall be filed within fourteen days of the order to which it relates is filed.  LCR 7(h)(2).

The Ninth Circuit directs courts "to make reasonable allowances for *pro se* litigants and to read *pro se* papers liberally," *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987).  The Court maintains, however, that district courts lack "the power to act as a party's lawyer, even for *pro se* litigants."  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).  Indeed, while acknowledging the challenges facing *pro se* litigants, the Ninth Circuit has circumscribed their rights accordingly:

> The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* layman through the trial thicket.
>
> *Id.* (citation omitted).

ORDER – 2

### III. DISCUSSION

In its Motion to Correct Order Dated September 18, 2020, Plaintiff United States of America ("Plaintiff" or "Government") seeks to correct the Court's Order on summary judgment pursuant to Rule 60(a). Dkt. # 51 at 1. While *pro se* Defendants Mr. and Mrs. Buckardt (collectively "Defendants") do not cite any rule in their similarly titled Motion to Correct Order on Motion for Summary Judgment, Dkt. # 49, the Court construes the motion as a request from relief from judgment under Rule 60(b). The Court will address each motion, as well as Defendants' motion for reconsideration, Dkt. # 50, in turn.

#### A. Defendants' Motion for Reconsideration

Defendants filed a Motion for Reconsideration seeking review of the Court's Order granting summary judgment to Defendants on October 9, 2020. Dkt. # 50. The Court's Order was entered on September 18, 2020. Dkt. # 48. Defendants' motion was filed past the 14-day deadline and is thus untimely. Even if the Court were to consider the motion, Defendants fail to demonstrate manifest error in the ruling or to present any new facts or legal authority. Defendants merely regurgitate their prior argument on jurisdiction, which the Court fully addressed and rejected in several prior orders, including its Order Denying Defendants' Motion to Dismiss (Dkt. # 23), Order Striking Defendants' (Second) Motion to Dismiss (Dkt. # 28), and Order Striking Defendants' Motion to Dismiss Notice of Hearing (Dkt. # 32). In the absence of any new facts or legal arguments, the Court **DENIES** Defendants' Motion for Reconsideration.

#### B. Defendants' Motion to Correct Order

In their Motion to Correct Order on Motion for Summary Judgment, Defendants take issue with the following characterization of Defendants' argument regarding the applicability of 26 U.S.C. § 7608 Subtitle E: "Finally, Mr. Buckardt's argument that he is not liable for federal income tax because he is not subject to 26 U.S.C. § 7608 Subtitle E . . . represents a misunderstanding of—or, perhaps, disregard for—the applicable statutes discussed above." Dkt. # 48 at 10. Defendant claims that "[t]his is not a

ORDER – 3

misunderstanding on [his] part, it is the wording of the 26 § 7608 [sic] which only gives jurisdiction of enforcement officers over alcohol, tobacco and firearms." Dkt. # 49.  This is yet another rehash of a jurisdiction argument that has already been rejected by the Court.  *See* Dkt. # 23 at 6.  Defendants fail to present any newly discovered evidence or allege any facts or arguments to justify relief under Rule 60(b).  Disagreement with a court's conclusion is not a basis for relief under Rule 60(b)(1)-(5) and certainly does not constitute an "extraordinary circumstance" required by Rule 60(b)(6).  The Court therefore **DENIES** this motion.

### C. Plaintiff's Motion to Correct Order

In its Motion to Correct Order Dated September 18, 2020, Dkt. # 51, Plaintiff moves the Court to amend the Order pursuant to Rule 60(a), which allows the Court to correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment. Fed. R. Civ. P. 60(a).  The Court finds good cause to amend the Order and **GRANTS** this motion.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby ordered that:

(1) Defendants' Motion for Reconsideration, Dkt. # 50, is **DENIED**;

(2) Defendants' Motion to Correct Order on Motion for Summary Judgment is **DENIED**, Dkt. # 49;

(3) Plaintiff's Motion to Correct Order Dated September 18, 2020, Dkt. # 51 is **GRANTED**;

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER – 4

(4) Order granting Government's Motion for Summary Judgment, Dkt. # 48, is corrected and **AMENDED** as follows:

(A) The sentence at Dkt. # 48 at 10:21-22 is replaced with the following:

As a matter of law, the Court holds that Mr. Buckardt is liable for federal income taxes and civil penalties.

(B) Finding (2) at Dkt. # 48 at 14:25-15:2 is replaced with the following:

(2) The Government has valid federal tax liens against all of Elmer Buckardt's property and rights to property, in whatever form held, and to all of Elmer and Karen Buckardt's community property and community rights to property, including the Subject Properties located at 5933 284th Street NW, Stanwood, WA 98292-6425 and 6005 284th Street NW, Stanwood, WA 98292-6426.

(C) Finding (3) at Dkt. # 48 at 15:3-5 is replaced with the following:

(3) Elmer Buckardt is the true owner of Subject Properties because the D'Skell Agape Society is his alter ego.

IT IS SO ORDERED.

DATED this 23rd day of October, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5