The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>ELMER J. BUCKARDT a.k.a. E.J. Buckardt; )<br>KAREN A. BUCKARDT a.k.a. )<br>K.A. Buckardt; )<br>D'SKELL AGAPE SOCIETY; and )<br>SNOHOMISH COUNTY, )<br> )<br>Defendants. )<br> ) | Case No. 2:19-cv-00052-RAJ<br><br>[PROPOSED] ORDER OF FORECLOSURE AND JUDICIAL SALE |

The Court has ordered the foreclosure of the United States' federal tax liens against two parcels of real property commonly known as 5933 284th Street NW, Stanwood, WA 98292-6425 and 6005 284th Street NW, Stanwood, WA 98292-6426 (referred to individually as the "5933 Property" and "6005 Property," respectively, and collectively as the "Subject Properties"). *See* Dkt. ## 48 at 14-15. This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

///

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

1. On October 26, 2020, the Court entered a Judgment (Dkt. # 54) as follows:

> For the reasons set forth in the Court's Orders of September 18, 2020 and October 23, 2020, Judgment is entered in favor of Plaintiff United States and against Defendants Elmer J. Buckardt, Karen A. Buckardt, and D'Skell Agape Society.

2. On September 18, 2020, the Court entered an Order granting the United States' motion for summary judgment. Dkt. # 48. On October 23, 2020, the Court entered an Order granting the United States' motion to correct the order dated September 18, 2020. Dkt. # 53. The Court entered the following findings[1]:

(1) Elmer J. Buckardt owes the Government federal income tax for the tax years 2002-2005, 2007-2008, and 2010-2011; civil penalties under 26 U.S.C. § 6702 for tax years 2000-2002 and 2006-2008; and civil penalties under 26 U.S.C. § 6673 for tax year 2008, in the amount of $739,798.79 as of January 24, 2020, less any subsequent payment or credits, plus interest and other statutory additions, as provided by law. See Dkt. # 48 at 14.

(2) The Government has valid federal tax liens against all of Elmer Buckardt's property and rights to property, in whatever form held, and to all of Elmer and Karen Buckardt's community property and community rights to property, including the Subject Properties located at 5933 284th Street NW, Stanwood, WA 98292-6425 and 6005 284th Street NW, Stanwood, WA 98292-6426. See Dkt. # 53 at 5.

(3) Elmer Buckardt is the true owner of Subject Properties because the D'Skell Agape Society is his alter ego. See Dkt. # 53 at 5.

(4) The Government may foreclose its liens upon the Subject Properties. See Dkt. # 48 at 15.

---

[1] The Court also made a Finding (6) dismissing Snohomish County as a party. Dkt. # 48 at 15. In this case, the United States and Snohomish County entered a stipulation regarding priority that was approved by the Court. See Dkt. ## 7, 11.

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

(5) The Government is entitled to its costs and such other relief as is just and proper. *See* Dkt. # 48 at 15.

3. The United States' federal tax liens against the Subject Properties are hereby foreclosed. The United States Marshal for the Western District of Washington, his/her representative, or an Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Properties, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sales under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

4. The United States Marshal for the Western District of Washington, his/her representative, or a PALS representative is authorized to have free access to the Subject Properties and to take all actions necessary to preserve the property, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

5. The terms and conditions of the sale are as follows:

    a. Except as otherwise stated herein, the sale shall be by public auction to the highest bidder, free and clear of all liens and interests;

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any;

    c. The sale shall be held at the Snohomish County Courthouse, on the Subject Properties' premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative;

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

3

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

d. Notice of the sale or sales shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Snohomish County, Washington, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law and state or local law regarding redemption rights do not apply to these sales. The notice or notices of sale shall describe the Subject Properties and shall contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale;

e. The minimum bid will be set by the IRS. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid, or sell to the highest bidder;

f. Bidders shall be required to DEPOSIT at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of ten percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Western District of Washington. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement;

g. The balance of the purchase price of the Subject Properties in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the Western District of Washington. If the successful bidder or bidders fail(s) to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

remaining to be applied to the Elmer J. Buckardt's federal tax liabilities, described in Paragraph 2(1), above. The Subject Properties shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second highest bidder or bidders. The United States may bid as a credit against its judgment without tender of cash;

      h.     The Marshal or a PALS representative shall file a report of sale with the Court within thirty (30) days from the date of receipt of the balance of the purchase price;

      i.     The sale of the Subject Properties shall not be final until confirmed by this Court. The title to the Subject Properties shall pass to the purchaser or purchasers upon sale confirmation, and until then, the risk of loss remains with the current owner. All rights to rents of or from the Subject Properties arising after the final judgment of this action and before the confirmation of the sale of the Subject Properties shall constitute proceeds of the Subject Properties and such rents shall be turned over to, and paid to, a PALS representative for deposit and distribution in the same manner as the proceeds of the sale of the Subject Properties. On confirmation of the sale of the Subject Properties, all rights to product, offspring, rents, and profits of or from the Subject Properties arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated the Subject Properties shall transfer to the successful bidder(s);

      j.     Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Properties to the purchaser or purchasers;

      k.     Upon confirmation of the sale, the interests of, liens against, or claims to the Subject Properties held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state or local law shall not apply to this sale under federal law; and

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

    l. Upon confirmation of the sale, the purchaser or purchasers shall have the recorder of deeds, Snohomish County, Washington, cause transfer of the Subject Properties to be reflected upon that County's register of title.

  6. Until the Subject Properties are sold, Elmer J. Buckardt shall take all reasonable steps necessary to preserve the Subject Properties (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance on the Subject Properties. Elmer J. Buckardt shall not commit waste against the Subject Properties, nor shall they cause or permit anyone else to do so. Elmer J. Buckardt shall not do anything that tends to reduce the value or marketability of the Subject Properties, nor shall they cause or permit anyone else to do so. Elmer J. Buckardt shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.** Should Elmer J. Buckardt fail to comply with this paragraph, other Defendants in this case who have a recognized property interest in the Subject Properties may take steps to protect the Subject Properties by agreement or, if no agreement is reached among the Defendants, by seeking further Court order.

  7. All persons occupying the Subject Properties shall leave and permanently vacate the Subject Properties no later than thirty (30) days after the entry of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the Subject Properties by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative. **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but no limited to, the land, and any structures or**

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

**vehicles thereon, for the purposes of executing this Order. The United States Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.** If any person fails or refuses to remove his or her personal property from the Subject Properties by the time specified herein, the personal property remaining at the Subject Properties thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to Elmer J. Buckardt's federal tax liabilities, described in Paragraph 2(1), above.

8. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Properties is confirmed by this Court, the Subject Properties remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Federal Rule of Civil Procedure 70 to compel delivery of possession of the Subject Properties to the purchaser or purchasers thereof.

9. Elmer J. Buckardt and Karen A. Buckardt shall, if their address changes, file a forwarding address with the Court within thirty (30) days of any such change, and serve a copy of the same upon the United States and all other parties to this litigation. If Elmer J. Buckardt, or any other person(s) occupying the Subject Properties, vacates the Subject Properties prior to the deadline set forth in paragraph 7, above, such person shall notify counsel for the United States no later than two (2) business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by contacting counsel for the United States, Yen Jeannette Tran, at (202) 616-3366, or Boris Bourget, at (202) 307-2182.

10. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the Clerk will disburse the funds in the

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

following order of preference, as determined by this Court (Dkt. ## 7 at 6, ¶ 12; 11), until these expenses and liens are satisfied, or the proceeds are exhausted:

    a. First, to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Subject Properties pending sale and confirmation by the Court;

    b. Second, to Snohomish County, for any real property taxes, penalties, and interest entitled to priority under 26 U.S.C. § 6323, due and owing at the time of sale;

    c. Third, to the United States, for the balance of Elmer Buckardt's federal tax debts for federal income tax for the tax years 2002-2005, 2007-2008, and 2010-2011; civil penalties under 26 U.S.C. § 6702 for tax years 2000-2002 and 2006-2008; and civil penalties under 26 U.S.C. § 6673 for tax year 2008; and

    d. Any remainder to be held by the Clerk until further order of the Court.

**IT IS SO ORDERED.**

DATED this 8th day of August, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

[Proposed] Order of Foreclosure and Judicial Sale
(Case No. 2:19-cv-00052-RAJ)

8

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366